UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BLACK AND WHITE ENTERTAINMENT, INC., :
d/b/a "RAH MUZIC" & "RAH RECORDS," :
:
                                  Plaintiff(s), :    20__ CV 08384(JPO)
             -v-  :
MARVEL ENTERTAINMENT, LLC, et. al., :    CIVIL CASE
:    MANAGEMENT PLAN
                             Defendant(s). :    AND SCHEDULING
:           ORDER
:
:
------------------------------------------------------------------------X

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.   All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2.   Settlement discussions [have _____ / have not __X__] taken place.

3.   The parties [have __X__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4.   Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

5.   Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __14__ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

6.   Fact Discovery

    a.   All fact discovery shall be completed no later than __July 5, 2021__. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

    b.   Initial requests for production of documents shall be served by __Feb. 3, 2021__.

    c.   Interrogatories shall be served by __Feb. 3, 2021__.

  d. Depositions shall be completed by <u>July 5, 2021</u>.

  e. Requests to admit shall be served by <u>June 4, 2021</u>.

  f. Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7. Expert Discovery

  a. All expert discovery, including expert depositions, shall be completed no later than <u>August 19, 2021</u>. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (*i.e.*, the completion of all fact discovery).]

  b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before <u>July 5, 2021</u>.

  c. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before <u>July 19, 2021</u>.

  d. The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices.

9. All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

   N/A

      b.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

           A settlement conference before a Magistrate Judge

      c.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

           After the close of fact discovery

      d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.      Unless otherwise ordered by the Court, any summary judgment motion shall be filed within fourteen (14) days of the close of all discovery. The parties shall submit a Joint Pretrial Order prepared in accordance with Fed. R. Civ. P. 26(a)(3) and the Court's Individual Practices within thirty (30) days of a decision on such motion. If no motion for summary judgment is filed, the parties shall file the Joint Pretrial Order within thirty (30) days of the close of discovery. Any motions in limine shall be filed on or before the date on which the Joint Pretrial Order is due. If this action is to be tried before a jury, proposed voir dire, jury instructions, and verdict form shall also be filed on or before the Joint Pretrial Order due date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Joint Pretrial Order due date.

12.      The parties shall be ready for trial on _2 weeks following the Final Pretrial Order_. [Absent exceptional circumstances, a date within two weeks following the Final Pretrial Order due date.]

13.      This case [is _X_ / is not ____] to be tried to a jury.

14.      Counsel for the parties have conferred and their present best estimate of the length of trial is _5-7 days_.

3

15. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

Defendants request that discovery be bifurcated such that initial discovery is limited to the core disputed issue of copyright ownership, with remaining discovery deferred until after the completion of ownership discovery and the Court's ruling on any dispositive motions concerning Plaintiff's alleged copyright ownership. Plaintiff objects to bifurcation because it will needlessly multiply the litigation.

Counsel for the Parties:

Brian Levenson, Schwartz, Ponterio & Levinson PLLC

134 West 29th Street, Suite 1001, New York, NY 10001

212-714-1200

Attorneys for Plaintiff

Wook Hwang, Loeb & Loeb LLP

345 Park Avenue, New York, NY, 10154

212-407-4035

Attorneys for Defendants

The next Case Management Conference is scheduled for _____ at _____.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

Dated: _____

New York, New York

4