**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
BLACK AND WHITE ENTERTAINMENT, INC., :
d/b/a "RAH MUZIC" & "RAH RECORDS," : Case No. 20-cv-08384
: Hon. J. Paul Oetken
Plaintiff, :
:
-against- : **STIPULATED**
: **CONFIDENTIALITY ORDER**
:
MARVEL ENTERTAINMENT, LLC; COLUMBIA :
PICTURES INDUSTRIES, INC.; SONY :
PICTURES ENTERTAINMENT INC.; SONY :
PICTURES RELEASING CORPORATION; SONY :
PICTURES HOME ENTERTAINMENT INC.; :
TENCENT PICTURES (USA) LLC; CHARLES K. :
WILLIAMS professionally known as, "KEAK DA :
SNEAK"; and SULTAN BANKS, professionally :
known as "TRAXAMILLION", :
:
Defendants. :
:
------------------------------------------------------------- X

WHEREAS, Plaintiff Black and White Entertainment, Inc. and Defendants Sony Pictures Entertainment Inc., Sony Pictures Releasing Corporation, Sony Pictures Home Entertainment Inc., Columbia Pictures Industries, Inc., Marvel Entertainment, LLC, Tencent Pictures (USA) LLC, Charles K. Williams p/k/a "Keak Da Sneak," and Sultan Banks, p/k/a "Traxamillion" (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

21253701

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.,* information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Any Party, whether such Party produced, disclosed or received Discovery Material, or any third party producing or disclosing Discovery Material (each, a "Designating Party"), may designate as "Confidential" any Discovery Material that it reasonably and in good faith believes contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3. Any Designating Party may designate as "Highly Confidential" any Discovery Material that it reasonably and in good faith believes contains information that is of a highly sensitive commercial nature, could cause substantial harm if disclosed to an unauthorized party such as a competitor, including, without limitation, Discovery Material concerning business, product and/or strategic plans and financial information and/or trade secrets, or should otherwise be subject to extraordinary protections.

4. With respect to Discovery Material other than deposition transcripts and exhibits, a Designating Party or its counsel may designate such material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Such designation shall be made either upon production by a Designating Party or, if the Designating Party is a recipient of such Discovery Material, pursuant to the provisions of Paragraph 6 below.

5. A Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Highly Confidential" either by: (a) indicating on the record during the deposition, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 14 days after receipt of a final deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," as applicable, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party or that person's counsel. During the 14-day period following receipt of a final deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.  If Confidential or Highly Confidential Discovery Material is used during depositions, it shall not lose its designated status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

6. If at any time before the trial of this action, any Party believes that any Discovery Material contains such Party's confidential information and should have been designated as

"Confidential" or "Highly Confidential," such Party may so designate such material by notifying all other Parties in writing. Thereafter, all persons subject to this Order will treat such designated Discovery Material as Confidential or Highly Confidential, as applicable. The Designating Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within three (3) business days of providing such notice.

7. Where a Designating Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

a) the Parties to this action;

b) in-house counsel and outside counsel of record in this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d) any witness, other than the Parties, who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

e) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

g)     independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

h)     this Court and any appellate court, their respective support personnel, and court reporters; and

i)     any other person whom the Designating Party agrees in writing may have access to such Confidential Discovery Material.

8.   (a)   No person subject to this Order, other than the Designating Party, shall disclose any Highly Confidential Discovery Material to any other person whomsoever, except to those persons or entities listed in paragraphs 7(b)–(i) above.

(b)   Notwithstanding the foregoing, the Parties agree that physical or digital copies of any unreleased sound recordings or "multitracks"[1] comprising the contents of released sound recordings designated as Highly Confidential ("Highly Confidential Recordings") shall not be provided to those persons or entities listed in paragraphs 7(a), (c), (d) or (e) above. The designation of any such materials as Highly Confidential or Confidential shall be subject to objection in accordance with paragraph 11 and further protections in accordance with paragraph 12 hereof. If, however, counsel for any Party wishes to provide copies of Highly Confidential Recordings to any persons or entities listed in paragraphs 7(a), (c), (d) or (e) in accordance with the requirements thereof, counsel for such Party shall give prior written notice of the intended disclosure by email to counsel for the Designating Party, identifying such person or entity to whom copies of Highly Confidential Recordings are sought to be shared. In the event an agreement cannot be reached,

---

[1] https://www.izotope.com/en/learn/stems-and-multitracks-whats-the-difference.html

Plaintiff shall have seven (7) days following such notice to make a motion for a protective order to maintain such additional protection pursuant to Rule 4(B) of the Court's Individual Rules and Practices in Civil Cases, which protections shall continue to be maintained until after the expiration of the foregoing notice period or resolution of any such motion, as applicable.  The Parties have agreed upon this paragraph 8(b) to avoid the need for judicial intervention, and reserve the right to object to the restrictions imposed by this paragraph in accordance with paragraph 11 hereof.

9. Before disclosing any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed hereto stating that he or she has read this Order and agrees to be bound by its terms.  Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. All Confidential or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal or redacted, as applicable.  The Parties shall comply with Rule 2(E) of the Court's Individual Rules and Practices in Civil Cases.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection.  If agreement cannot be reached promptly, counsel for the objecting party may make a discovery motion pursuant to Rule 4(B) of the Court's Individual Rules and Practices in Civil Cases.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for the Party seeking additional limitations may make a discovery motion pursuant to Rule 4(B) of the Court's Individual Rules and Practices in Civil Cases.

13. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any other purpose or in any other litigation proceeding. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or

destroyed. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

17. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential Discovery Material, upon written request of the Designating Party, must either return it—including all copies thereof—to the Party or person who produced such Confidential Discovery Material, or, upon permission of such Party or person, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Designating Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| SCHWARTZ, PONTERIO & LEVENSON, PLLC | LOEB & LOEB LLP |
| By: _____<br>Brian Levenson<br>134 West 29th Street – Suite 1006<br>New York, NY 10001<br>(212) 714-1200 | By: _____<br>Wook Hwang<br>345 Park Avenue<br>New York, NY 10154<br>(212) 407-4035 |
| *Attorneys for Plaintiff Black and White Entertainment, Inc.* | *Attorneys for Defendants Sony Pictures Entertainment Inc., Sony Pictures Releasing Corporation, Sony Pictures Home Entertainment Inc., Columbia Pictures Industries, Inc., Marvel Entertainment, LLC, Tencent Pictures (USA) LLC* |

HARDMAN-LAW

By: _____
　　Zev Hardman (admitted *Pro Hac Vice*)
　　2120 University Ave
　　Berkeley, CA 94704
　　(510) 730-1706

*Attorneys for Defendants Charles Williams and Sultan Banks*

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge

October 6, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACK AND WHITE ENTERTAINMENT, INC., d/b/a "RAH MUZIC" & "RAH RECORDS," | X : : : : Case No. 20-cv-08384 |
| Plaintiff, | : : Hon. J. Paul Oetken |
| -against- | : : |
| MARVEL ENTERTAINMENT, LLC; COLUMBIA PICTURES INDUSTRIES, INC.; SONY PICTURES ENTERTAINMENT INC.; SONY PICTURES RELEASING CORPORATION; SONY PICTURES HOME ENTERTAINMENT INC.; TENCENT PICTURES (USA) LLC; CHARLES K. WILLIAMS professionally known as, "KEAK DA SNEAK"; and SULTAN BANKS, professionally known as "TRAXAMILLION", | : **NON-DISCLOSURE AGREEMENT** : : : : : : : : : |
| Defendants. | : X |

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential and Highly Confidential. I agree that I will not disclose to anyone, or use in any way, such Confidential or Highly Confidential Discovery Material other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Confidentiality Order could subject me to punishment for contempt of Court.

Dated: _____    By: _____